# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **CHASTITY QUINTANA-GONZALES,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES CLARK BIRDLEY, Undercover Officers;**[1] **SALT LAKE CITY POLICE DEPARTMENT, Street Car Police/Build Officers; ADULT PROBATION AND PAROLE, Probation/Parole Officer; WOMEN CENTER FOR HOMELESS WOMEN,** <br><br> **Defendants.** | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT** <br><br> Case No. 2:24-cv-00835-AMA-JCB <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[2] Before the court is pro se Plaintiff Chastity Quintana-Gonzales's ("Ms. Quintana-Gonzales") complaint.[3] Ms. Quintana-Gonzales has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[4] Accordingly, the court reviews the sufficiency of Ms. Quintana-Gonzales's complaint under the authority of the IFP Statute. Based

---

[1] Although Ms. Quintana-Gonzales names "James Clark Birdley, Undercover Offices" as Defendant, the court presumes this is a scrivener's error and that Ms. Quintana-Gonzales intended to name "Undercover *Officers*." Accordingly, the court refers to this Defendant as "James Clark Birdley, Undercover Officers."

[2] ECF No. 5.

[3] ECF No. 1.

[4] ECF No. 4.

upon the analysis set forth below, the court orders Ms. Quintana-Gonzales to file an amended complaint by May 15, 2025.

## BACKGROUND

Ms. Quintana-Gonzales's complaint names as defendants James Clark Birdley ("Mr. Birdley"), Undercover Officers; Salt Lake City Police Department, Street Car Police/Build Officers; Adult Probation and Parole, Probation/Parole Officer; and Women Center for Homeless Women (collectively, "Defendants").[5] Ms. Quintana-Gonzales's complaint contains the following allegations in support of her claims:

- "[Mr. Birdley] was very sexually abus[ive] and [lost] control on [Ms. Quintana-Gonzales] and [got] other homeless women to fight [her]."[6]

- Ms. Quintana-Gonzales was "[b]eing use[d] for free sex and [to] get personal information and reopening some old detail[s] of [Ms. Quintana-Gonzales's] life just to make a funny joke with other people."[7]

- "[Mr. Birdley] [has] seen [Ms. Quintana-Gonzales] nude and . . told everybody . . . he belitte[d] [her] and kick [her] out on the street[s] of Utah and was hitting [her] and pushing [her] around and calling [her] bad name[s]."[8]

- "[Mr. Birdley] was a cop and next thing you know [Ms. Quintana-Gonzales] go[es] to jail because [Mr. Birdley] lie[d] on a police report."[9]

---

[5] ECF No. 1 at 2-3.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.*

[9] *Id.*

2

Based upon these allegations, Ms. Quintana-Gonzales appears to attempt to sue all Defendants under 42 U.S.C. § 1983, stating her "civil right[s] [were] violated/open general rights" and that she is "still looking up the violate[d] codes and names."[10]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[11] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[12] Under that standard, the court "look[s] for plausibility in th[e] complaint."[13] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[14]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[15] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing

---

[10] *Id.* at 3.

[11] 28 U.S.C. § 1915(e)(2)(B)(ii).

[12] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[13] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[14] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[15] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

that the pleader is entitled to relief."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[17] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[18] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[19] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[20]

In analyzing Ms. Quintana-Gonzales's complaint, the court is mindful that she is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[22] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se]

---

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[18] *Id.*

[19] *Twombly*, 550 U.S. at 555.

[20] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[22] *Bellmon*, 935 F.2d at 1110 (citations omitted).

plaintiff that assumes facts that have not been pleaded."[23] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations.[24]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged[,] and it would be futile to give [her] an opportunity to amend."[25]

## ANALYSIS

Ms. Quintana-Gonzales's complaint is subject to dismissal because she does not state a plausible claim for relief. However, because Ms. Quintana-Gonzales may be able to cure the deficiencies identified below with adequate allegations in an amended complaint, the court provides Ms. Quintana-Gonzales with an opportunity to do so.

---

[23] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[24] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[25] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

5

### I. Ms. Quintana-Gonzales's Complaint Fails to State a Plausible Claim for Relief.

After reviewing Quintana-Gonzales's complaint, the court concludes that all the factual allegations therein are conclusory in nature, and, therefore, fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). Ms. Quintana-Gonzales fails to make any specific, intelligible allegations about how Defendants violated her federal rights. Instead, she makes only conclusory allegations devoid of any factual support and ties her allegations to Mr. Birdley only. Therefore, her manner of pleading fails to comport with Rule 8 because it does not provide fair notice to the named Defendants of the nature and grounds of her claims against them. Moreover, Ms. Quintana-Gonzales has not provided the court with any recognized cause of action under state or federal law. Thus, she has failed to make sufficient allegations to state any claims upon which relief can be granted.[26]

### II. The Court Permits Ms. Quintana-Gonzales to Amend Her Complaint.

Based upon the foregoing analysis, Ms. Quintana-Gonzales has failed to state a claim upon which relief can be granted. However, dismissal is proper only "if it is obvious that [she] cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend."[27] Accordingly, the court will afford Ms. Quintana-Gonzales an opportunity to amend her complaint. Ms. Quintana-Gonzales may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Ms. Quintana-Gonzales to

---

[26] *Bellmon,* 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[27] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

submit an amended complaint by May 15, 2025. The court will then address whether Ms. Quintana-Gonzales's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Ms. Quintana-Gonzales is ordered to file an amended complaint by May 15, 2025. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Ms. Quintana-Gonzales's failure to file an amended complaint may result in dismissal of this action.

4. Ms. Quintana-Gonzales's motion to proceed in forma pauperis[28] is TEMPORARILY GRANTED.

IT IS SO ORDERED.

DATED this 17th day of April 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[28] ECF No. 2.